# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

DOUGLAS DAVIS, Reg. No. K-02993, )
)
                    Plaintiff, )
)
                    v. )    No. 06-4276-CV-C-NKL
)
WILLIAM ABBOTT, )
Sheriff of Miller County, Missouri, )
)
                  Defendant. )

## REPORT AND RECOMMENDATION

      Plaintiff Douglas Davis is a left-leg amputee who was confined in the Miller County, Missouri, jail for a few days in October 2004. He fell while in the shower, and in November 2006, brought this suit alleging violations of his constitutional and statutory rights.

      The sole remaining defendant is William Abbott, Sheriff of Miller County, Missouri. Defendant Abbott filed a motion for summary judgment on November 20, 2007. Plaintiff did not respond in opposition to the motion within the time limits set by local rule, and on February 26, 2008, a show cause order was entered. Plaintiff did not respond to the motion or to the court's order, has had substantial time to respond, and thus, does not appear to oppose the entry of judgment in favor of defendant Abbott.[1]

      Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Plaintiff's verified complaint gives the following facts. Plaintiff fell in the shower on October 15, 2004, because of the lack of hand rails, seating or a movable lower shower head. It was obvious the equipment had once been in place, but had been removed.

Davis made repeated complaints to jail personnel about his injury, but he did not receive medical treatment. There was an increase in swelling by the following day and he was taken to the hospital in a squad car. He complained of leg, wrist, head and back pain, but jail staff instructed the medical personnel to only X-ray plaintiff's leg. The X-ray did not reveal a fracture; plaintiff was treated, and then returned to the jail.

Following his release from the jail, Davis continued to have pain. He went back to the hospital on October 27, 2004, and learned his wrist was broken. Plaintiff attached to his complaint copies of the hospital records for the two visits.

Defendant Abbott's suggestions in support of his motion for summary judgment assert, in essence, that (1) plaintiff has not set forth facts showing defendant's personal involvement in the events leading to this lawsuit; (2) plaintiff has not identified a policy or custom for which defendant can be held liable as a policymaker for a governmental entity; (3) defendant was not deliberately indifferent to plaintiff's need for medical care; (4) defendant is entitled to qualified immunity; (5) plaintiff has not stated a claim under the Americans with Disabilities Act; (6)

2

plaintiff's equitable claims are moot; and (7) plaintiff failed to exhaust his administrative remedies.

Insofar as plaintiff does not appear to oppose the entry of summary judgment, the court will not engage in an extended discussion, but will briefly discuss the various legal issues.

First, Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the institution requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

In his affidavit, defendant Abbott states that "Miller County Jail accepts and acts upon written grievances from detainees." A preprinted form is available and the detainee submits it to jail staff. (Doc. 24-2 at 18.) Plaintiff fell on October 15, 2004, and he was released from the jail on October 22, 2004. Plaintiff was at the institution for approximately one week after he fell, did not submit a written grievance form, and thus failed to exhaust his administrative remedies.

Second, plaintiff's complaint alleges no facts showing the individual involvement of defendant Abbott in the events giving rise to this lawsuit. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Third, plaintiff has not identified a policy or custom which caused his alleged injury and for which defendant is responsible as a policymaker. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

Fourth, to succeed on medical claims[2], plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show that the medical deprivation was objectively sufficiently serious and that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)).

An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

In this case, the records show plaintiff was taken to the hospital the day following his fall. He was given medical treatment and returned to the institution. There is no evidence that the delay in treatment caused any detrimental effect, and no evidence that plaintiff told medical personnel on October 16, 2004, that he had injuries other than to his leg. The medical records of

---

[2]At the time of plaintiff's fall, he was a pretrial detainee. Therefore, his medical claims should be analyzed under the Fourteenth Amendment's substantive Due Process Clause rather than the Eighth Amendment. Nonetheless, the Eighth Circuit has held that the deliberate indifference standard applied to a convicted prisoner also applies to pretrial detainees. Butler v. Fletcher, 2006 W.L 2920570 *3-4 (8th Cir. Oct. 13, 2006).

4

his treatment on October 27, 2004, show he fell again after his release[3], and defendant asserts the wrist fracture could have occurred during the second fall. Plaintiff has not refuted that possibility. Under these facts, plaintiff was provided constitutionally adequate medical care following the first fall, and defendant was not deliberately indifferent to plaintiff's serious medical needs.

Defendant also asserts he is entitled to dismissal on the basis of qualified immunity. Entitlement to qualified immunity is a question of law to be determined by the trial court. McIntosh v. Arkansas Republican Party, 856 F.2d 1185, 1186 (8th Cir. 1988); Warren v. City of Lincoln, 816 F.2d 1254 (8th Cir. 1987). Government employees are protected from suit by qualified immunity unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). In Saucier v. Katz, 533 U.S. 194 (2001), the Court set forth a two-part analysis to be used when determining whether defendants are entitled to qualified immunity. The threshold question is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. The next step is to ask "whether the right was clearly established . . . in light of the specific context of the case." Id. at 201. The Court goes on to explain that "[t]he question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards." Id. at 208.

In this case, no constitutional violation occurred and defendant is entitled to qualified immunity.

Finally, defendant asserts plaintiff cannot succeed on a claim under the American with Disabilities Act, 42 U.S.C. § 12132, because plaintiff was permitted to shower in a stall equipped with a fixed grab bar, his equitable claims are moot, he cannot show defendant had the intent to discriminate, and he did not exhaust his administrative remedies. Plaintiff did not come forward

---

[3]The emergency physician record says the patient injured his right wrist two weeks ago, he slipped again yesterday and re-injured it. The severity of pain is marked as moderate.

5

with affidavits or other evidence[4] to refute defendant's affidavit stating the shower stall had a grab bar. Plaintiff Davis is no longer housed at the Miller County, Missouri, jail and he has not set forth facts showing defendant intended to discriminate. Likewise, he did not exhaust his administrative remedies.

For these reasons, and those set forth in more detail in defendant's motion and suggestions, it is

RECOMMENDED that defendant's motion of November 20, 2007, for summary judgment be granted and plaintiff's claims be dismissed. [23]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 15th day of April, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

---

[4] Fed. R. Civ. P. 56(e)(2) provides: "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

6